UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| ) | No. 3:07-MJ-1058 |
| V. ) | (SHIRLEY) |
| ) | |
| ) | |
| ) | |
| JASON NELSON ) | |

ORDER OF DETENTION PENDING TRIAL

This matter came before the undersigned for a detention hearing on May 14, 2007. David Jennings, Assistant United States Attorney, was present representing the government and Charles Poole was present representing the defendant. Before the detention hearing began, counsel for the defendant stated the defendant wished to waive his right to a detention hearing at this time but reserve the right to have a detention hearing at a later date, if appropriate. Pursuant to the defendant signing a Waiver of Detention Hearing and 18 U.S.C. § 3142(f), the defendant shall be detained.

The defendant is aware of his rights to a detention hearing and to require the government to meet its burden of proving that no conditions of release exist which will reasonably assure his appearance in court and the safety of the community. Defendant knows that if he waives his detention hearing, he will remain in custody pending trial. The defendant acknowledges in open court that he has no questions and understands his rights and the consequences of waiving those rights, and agrees to be detained without bond pending trial.

Upon consideration of defendant's waiver, the charge against him, and the report of the Pretrial Services Office, the Court finds that, at this time, no conditions of release will reasonably assure the appearance of the defendant in court and the safety of the community. Should information having a material bearing on the issue of release subsequently become available, indicating a change in the defendant's circumstances, the defendant, through counsel, may file a motion requesting a bond hearing.

It is, therefore, ORDERED that:

(1) Defendant be detained without bond pending trial;

(2) Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(3) Defendant be afforded reasonable opportunity for private consultation with counsel; and

(4) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with any court proceeding.

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge